# Exhibit A

Steven A. Alpert (NV 8353)
PRICE LAW GROUP, APC
5940 S. Rainbow Rd.
Las Vegas, NV 89118
T: (866) 881-2133
F: (866) 401-1457
E: alpert@pricelawgroup.com
*Attorney for Plaintiff*
*Kristine Vargas*

**UNITED STATES DISTRICT COURT**
**DISRTICT OF NEVADA**

| | |
|---|---|
| KRISTINE VARGAS<br><br>         Plaintiff,<br><br>    vs.<br><br>USAA FEDERAL SAVINGS BANK<br><br>         Defendant. | Case No.: 2:21-cv-519<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **Telephone Consumer Protection Act, 47 U.S.C. §227 et seq.**<br>2. **Intrusion Upon Seclusion**<br><br>**(Unlawful Debt Collection Practices)** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kristine Vargas ("Plaintiff"), by and through her attorney, alleges the following against Defendant USAA Federal Savings Bank ("USAA"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or

prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Invasion of Privacy—Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts which prohibits an intentional intrusion upon the solitude or seclusion of another.

## **JURISDICTION AND VENUE**

1. Jurisdiction of the court arises under 28 U.S.C. §1331, 28 U.S.C. §1332 and 47 U.S.C. §227.

2. Plaintiff also brings the complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of Arkansas and Defendant USAA is a citizen of Nevada) and the amount in controversy exceeds $75,000.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Because Defendant transacts business here, personal jurisdiction is established.

## **PARTIES**

1. Plaintiff is a natural person residing in North Little Rock, Pulaski County, Arkansas.

2. Defendant is a creditor engaged in the business of extending credit through credit cards, with its principal place of business located in Las Vegas, Nevada. Defendant can be served with process through its statutory agent, Corporation Service Company, located at 112 North Curry Street, Carson, Nevada 89703

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. In or around February 2020, Defendant USAA began placing phone calls to Plaintiff's cellular phone number, ending in 1732, to collect an alleged debt.

2. The calls mainly originated from (800) 531-8722.

3. Upon information and belief this number is owned and operated by Defendant USAA or its agents.

4. On or around February 5, 2020, at approximately 1:12pm, Plaintiff answered a call from USAA from telephone number (800) 531-8722. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

5. The USAA representative informed Plaintiff that USAA was attempting to collect a debt.

6. Plaintiff informed USAA that she was having financial difficulties due to a divorce and COVID-19 interfering with her work schedule, and instructed Defendant to only communicate with her by mail.

7. Calls from USAA stopped for a few months after Plaintiff's revocation on February 5, 2020.

8. Then suddenly in or around June 2020, USAA began a systematic calling campaign, often calling Plaintiff multiple times per day including weekends.

9. Upon information and belief, approximately one-hundred (100) calls were made by USAA to the Plaintiff's cellular phone after Plaintiff first requested not to be contacted by telephone.

10. Several times, Plaintiff answered calls from USAA and heard a short pause before the agent would begin to speak, leading Plaintiff to believe they were using an automated telephone dialing system.

11. Upon information and belief, some of those calls were not connected to a live person but was rather a pre-recorded voice message.

12. Plaintiff is a salon owner, and her personal mobile phone is also used by her for business calls.

13. Plaintiff's business was hard hit by the COVID-19 pandemic making it nearly impossible for her to keep up with her bills.

14. Each phone call was a reminder of her failing business and inability to meet her obligations.

15. USAA called Plaintiff during work hours which caused Plaintiff extreme stress which in turn affected her work performance.

16. Upon information and belief, USAA placed calls whereby they either left pre-recorded or artificial voice messages for Plaintiff or intended to do so.

17. Upon information and belief, USAA also attempted to contact third parties, such as family or friends, regarding a debt allegedly owed by Plaintiff.

18. Upon information and belief, USAA's system used to call Plaintiff has the capacity to store a telephone number using a random or sequential number generator.

17.19. Upon information and belief, USAA's system used to call Plaintiff has the capacity to produce a telephone number using a random or sequential number generator.

18.20. USAA's conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

19.21. USAA's conduct as described above mounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

20.22. USAA's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Defendants' conduct was especially unreasonable because it called relentlessly after Plaintiff explained why she could not pay and requested to be contacted only by mail.

21.23. As a result of USAA's conduct, Plaintiff has sustained damages, including but not limited to emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C §227)

1. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

2. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. §227(b)(1)(A)(ii) which states in pertinent part, "It shall be unlawful for any person within the United States…to make any call (other

than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a…cellular telephone service…or any service for which the called party is charge for the call.

   b) Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

3. As a result of Defendant's violations of 47 U.S.C §227, Plaintiff is entitled to an aware of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an aware of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

### COUNT II
### Invasion of Privacy
### (Intrusion Upon Seclusion)

1. Plaintiff incorporates by reference paragraphs one (1) through twenty-one (21) of the Complaint as though fully set forth herein.

2. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged dent despite numerous requests for the calls to cease.

    b) Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received multiple calls per day, including calls that interrupted Plaintiff's duties at her job after she asked them to stop calling.

    c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

3. Defendant repeatedly called Plaintiff an excessive amount over long periods of time, including multiple calls in a single day, and often during work hours, which would cause Plaintiff large amounts of stress and embarrassment.

4. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kristine Vargas, respectfully requests judgment be entered against Defendant USAA Federal Savings Bank for the following:

A. Declaratory judgment that Defendant USAA violated the TCPA

B. Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B)

D. Actual damages pursuant to 15 U.S.C. §1692k(a)(1)

E.  Actual and punitive damages from the invasion of privacy

F.  Any pre-judgment and post judgment interest as may be allowed under the law; and

G.  Any other relief that the Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: ~~March 30~~April 9, 2021

By: */s/Steven A. Alpert*
Steven A. Alpert (NV 8353)
PRICE LAW GROUP, APC
5940 S. Rainbow Rd.
Las Vegas, NV 89118
T: (866) 881-2133
F: (866) 401-1457
E: alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Kristine Vargas*

## CERTIFICATE OF SERVICE

I hereby certify that on ~~March 30~~April 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/Jacey Gutierrez*

- 8 -