Steven A. Alpert (NV 8353)
PRICE LAW GROUP, APC
5940 S. Rainbow Rd.
Las Vegas, NV 89118
T: (866) 881-2133
F: (866) 401-1457
E: alpert@pricelawgroup.com
*Attorney for Plaintiff*
*Kristine Vargas*

**UNITED STATES DISTRICT COURT**
**DISRTICT OF NEVADA**

| | |
|---|---|
| KRISTINE VARGAS<br><br>Plaintiff,<br><br>vs.<br><br>USAA FEDERAL SAVINGS BANK<br><br>Defendant. | Case No.: 2:21-cv-00519-GMN-BNW<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

## **SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

Plaintiff Kristine Vargas ("Plaintiff"), and Defendant USAA Federal Savings Bank ("USAA"), by and through undersigned counsel of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26 as well as LR 16-1 and 26-1. It is hereby requested that the Court enter the following discovery plan and scheduling order.

**1. Meeting:** Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a telephonic meeting was held on June 3, 2021, and was attended by:

Dawn M. McCraw on behalf of Plaintiff

Priscilla L. O'Briant on behalf of Defendant USAA

2. **Subject of Discovery:** Discovery will be needed on the following subjects: All claims set forth in the complaint as well as the defenses relevant in this action. No discovery phases are needed or requested by the parties at this time.

<u>Plaintiff</u>- Plaintiff expects discovery to be similar to most TCPA litigation and believes that no changes to the federal rules are appropriate and all discovery is limited by the federal rules which require that discovery be proportional to the needs of the case.

<u>Defendant</u> - Defendant generally agrees with Plaintiff's statement. Defendant's discovery will primarily relate to Plaintiff's account with Defendant, including her debt, the phone calls at issue and alleged revocation of consent, Plaintiff's evidence that Defendant allegedly used an automatic telephone dialing system and/or prerecorded voice calls, and alleged damages.

3. **Discovery Cut-Off Date:** Discovery will take 180 days, measured from Defendant USAA's Motion to Dismiss on April 29, 2021. The discovery cut-off date, therefore, will be **October 26, 2021**.

4. **Special Discovery Issues:** The parties do not anticipate discovery issues at this time and do not foresee any issues arising from the disclosure of electronically stored information. The parties agree they may serve discovery requests, discovery response, and disclosures via electronic mail only with no need for subsequent hard copies to be mailed. The parties further intend to present evidence in electronic

format to jurors for the purpose of jury deliberations. The parties reserve the right to amend this plan either through stipulation or motion.

5. **Changes to Discovery Limitations:** The parties have no proposed changes to the limitations on discovery under the Federal Rules of Civil Procedure. The parties expect discovery to be similar to most litigation and believe that no changes to the federal rules are appropriate and all discovery is limited by the federal rules which require that discovery be proportional to the needs of the case.

6. **Discovery and Scheduling Dates**

Fact Discovery Cut-Off: **October 26, 2021**

Deadline to Amend Pleadings: **June 22, 2021**

Deadline to Disclose Initial Expert Disclosures: **November 25, 2021**

Deadline to Disclose Rebuttal Expert Disclosures: **December 27, 2021**

Deadline to conduct Expert Depositions: **January 28, 2022**

Deadline to File Dispositive Motions: **February 10, 2022**

The fact discovery cut-off date is 180 days from Defendant's appearance in this case, in accordance with LR 26-1(b)(1). However, the parties propose extending dates for expert disclosures, depositions, and dispositive motions. As grounds, the parties state that both sides anticipate retaining experts in this matter. However, the nature and scope of expert testimony required cannot be determined until the completion of fact discovery. Accordingly, the parties propose a fact discovery deadline in accordance with local rules, but request the above additional time for expert discovery and dispositive motions.

7. **Settlement:** The parties have not yet engaged in settlement discussions.

8. **Alternative Dispute Resolutions:** The parties agree that a settlement conference with the Magistrate Judge could be productive at a later date, likely after discovery has been conducted.

9. **Alternative Forms of Case Dispositions:** The parties discussed trial by a Magistrate Judge and use of the Short Trial Program. The parties do not agree to trial by Magistrate Judge or the use of the Short Trial Program.

10. **Document Production:** Documents produced in this action may be delivered (1) as a hardcopy document, (2) in electronic format as set forth above, (3) on a CD-ROM, or (4) as otherwise agreed by the parties or determined by the Court.

11. **Electronic Service:** The parties agree to electronic service of discovery document production where practical. To the extent discovery requests are electronically served on a Saturday, Sunday, or legal holiday, service will be deemed effective the next day that is not a Saturday, Sunday, or legal holiday. The parties reserve the right to effectuate service by any manner allowed under Fed. R. Civ. P. 5(b).

12. **Electronic Evidence**: The parties intend to present evidence in electronic format should this dispute be placed before a jury, however, the parties reserve the right to submit hard copies of any exhibits to the jury, if necessary, and to amend this plan by either stipulation or motion. No stipulations have yet been reached on this issue.

13. **Protective Order for Confidential Documents and Information:** The parties intend to file a protective order once agreed upon.

14. **Pre-trial Order:** The parties shall file a joint pre-trial order no later than thirty (30) days after the date set for filing dispositive motions. In the event that parties file a dispositive motion, the date set for filing the joint pre-trial order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

15. **Initial Disclosures:** The parties' initial disclosures (including initial document production) will be made on or before 28 days after the 26(f) meeting, which was held on June 3, 2021--making initial disclosures due <u>July 1**, 2021**</u>. Any party seeking damages shall comply with Federal Rules of Civil Procedure 26(a)(1)(A)(iii). The parties agree that Defendant USAA's Initial Disclosure Statement shall be due 28 days after the Court rules on USAA's Motion to Dismiss.

16. **Extension of Discovery Deadline:** LR 26 governs modifications or extension to this discovery plan and scheduling order.

RESPECTFULLY SUBMITTED,

Dated: June 4, 2021

By: <u>*/s/Steven A. Alpert*</u>
Steven A. Alpert (NV 8353)
PRICE LAW GROUP, APC
5940 S. Rainbow Rd.
Las Vegas, NV 89118
T: (866) 881-2133
F: (866) 401-1457
E: alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Kristine Vargas*

By: */s/Priscilla L. O'Briant*
Robert W. Freeman (NV 3062)
Priscilla L. O'Briant (NV 10171)
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, NV 89118
T: (702) 893-3383
F: (702) 893-3789
E: Robert.freeman@lewisbrisbois.com;
priscilla.obriant@lewisbrisbois.com
*Attorneys for Defendant*
*USAA Federal Savings Bank*

### Order

**IT IS SO ORDERED**

**DATED:** 11:16 am, June 08, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**